HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
ROBIN CHANG
Certified Law Student
OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org

Attorney for Defendant
ERRUNTA TRAVELLE JOHNSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. Cr. S. 2:21-cr-00103-JAM-1_ |
|---|---|---|
| Plaintiff, | ) | NOTICE OF MOTION; MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | ) | |
| ERRUNTA TRAVELLE JOHNSON, | ) | Judge: Hon. John A. Mendez |
| Defendant. | ) | Date: August 30, 2022
Time: 9:30 a.m. |

TO UNITED STATES ATTORNEY PHLLIP TALBERT, and ASSISTANT UNITED STATES ATTORNEY ALEXIS KLEIN:

Please take notice that on Tuesday, August 30, 2022, at 9:30 a.m., or as soon thereafter as this matter can be heard, Mr. Johnson will move for early termination of his supervised release under 18 U.S.C. section 3583(3)(1) for the reasons set forth below, as well as any additional support and evidence to be provided to the Court.

//

//

//

## I. INTRODUCTION

Defendant, ERRUNTA TRAVELLE JOHNSON, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 5-year term of supervision began on June 24, 2019. Mr. Johnson has completed over three years of his supervisory term.

Mr. Johnson was originally convicted and sentenced in the Southern District of Mississippi of a drug trafficking offense, his only criminal justice involvement. Mr. Johnson is 53 years old. After release from BOP, his supervision was transferred to this District, where he works and lives with his wife and son.

Mr. Johnson was referred to the Federal Defender's Office by the U.S. Probation Office as a potential candidate for early termination. Supervising Probation Officer Ronnie Preap has confirmed that Mr. Johnson is maintaining employment and adhering to the terms of his supervision. Defense counsel has confirmed with the Probation Office that it has no opposition to this petition. The AUSA in this District consulted with the AUSA in Mississippi, who indicated that they do object to early termination. Accordingly, this matter is being set for a hearing.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." A hearing is requested for this motion.

The "expansive phras[ing]" of section 3583(e)(1) provides this Court with "discretion to consider a wide range of circumstances" in deciding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit has just clarified that early termination does not require "exceptional or extraordinary circumstances" or "exceptionally good behavior," *United States v. Ponce*, 22 F.4th 1045 at *2-3 (9th Cir. 2022), nor does it require a showing of undue hardship. *Emmett*, 749 F.3d at 819.

Section 3583(e)(1) directs the Court to consider the purposes of sentencing set forth in 18

U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  In 2018, the Judicial Conference expanded its policy in support of early termination after 18 months of supervision:

> At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. sec. 994(h)) or has not committed a sex offense or engaged in terrorism;
> 2. The person presents no identified risk of harm to the public or victims;
> 3. The person is free from any court-reported violations over a 12-month period;
> 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> 5. The person is in substantial compliance with all conditions of supervision; and
> 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(c), "Early Termination" (rev'd 2018).

The Courts have been encouraged to consider early termination as a vehicle to focus resources on higher-need supervisees.  On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges *encouraging* them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case.

Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

//

//

### III. MR. JOHNSON PERFORMANCE ON SUPERVISION MERITS EARLY TERMINATION OF HIS SUPERVISION

Mr. Johnson pled guilty to conspiracy to possess with intent to distribute cocaine. On January 18, 2011, Mr. Johnson was sentenced to a 10-year term of custody and a 5-year term of supervised release. He was a 42-year-old first-offender at sentencing, with a wife and two children. Mr. Johnson served his prison term without incident and was released from the Bureau of Prisons on June 24, 2019. He has remained in total compliance with his terms of supervision since his release over three years ago. Mr. Johnson satisfies all factors set forth for early termination per Title 18, section 3583(e)(1) and the Judicial Conference's 2018 policy guide.

Mr. Johnson's conduct and the interests of justice warrant the early termination of his supervised release. *See* 18 U.S.C. § 3583(e)(1). Under Title 18 of the United States Code, section 3583(e)(1), the Court must consider the purposes of sentencing under section 3553(a). Examination of these factors also shows that supervision no longer serves the purposes of Mr. Johnson's sentence.

Mr. Johnson's 2011 offense was his first and only criminal offense. His PSR reflected that his record was spotless until that time, without even a history of arrests or traffic tickets. The offense was not a crime of violence and involved no arms or weapons. *See* 18 U.S.C. § 3553(a)(1). It was not a sex offense. Prior to this offense, Mr. Johnson was gainfully employed as a telecommunications technician and supported his family while living in Corona, California.

Mr. Johnson's compliance with his terms of supervision demonstrate that supervision is no longer necessary. *See id.* at § 3553(a)(2). Mr. Johnson is on the Probation Office's low-intensity caseload. Other than monthly check-in assessments that Mr. Johnson submits online, he regulates and structures his own conduct as a law-abiding citizen. This he has done for three years with his Probation Officers. He has steady employment and lives with a supportive family who works with him to achieve total compliance with his terms of supervision. *See id.* at §3553(a)(7). Mr. Johnson's hard work and law abidingness serve as an "adequate deterrence" and protect the public from any further crimes. *See id.* at §§ 3553(a)(2)(B), (C). Mr. Johnson is dedicated to a stable and productive life.

Furthermore, Mr. Johnson is at low risk for recidivism. According to the Federal Sentencing Commission, "[a]ge and criminal history are consistently strong predictors of recidivism." USSC, Recidivism of Federal Drug Trafficking Offenders Released in 2010, at 28 (2022). The rate of rearrest for those released between 50–59 years old was 30.9%. *Id.* Moreover, the median time to rearrest for the same age group was 29 months. *Id.* at 29. The median time to rearrest for all people with drug offenses is 23 months. *Id.* at 43. Mr. Johnson has spent the past 36 months in supervised release and has long ago passed the 23- and 29-month marks. In addition, Mr. Johnson's faithful adherence to his terms of supervision and lack of prior criminal history demonstrate that he presents a low risk for recidivism.

Finally, Mr. Johnson has no need for further programming or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). He has already completed the Bureau of Prisons Residential Drug Abuse Program (RDAP) and needs no further correctional treatment. As an experienced telecommunications technician, Mr. Johnson also needs no educational or vocational training. He has worked steadily since his release from custody, often putting in overtime and increasing his hourly rate. As shown in Exhibit A, Mr. Johnson is a hard-working, tax paying member of society.



The interests of justice warrant the early termination of Mr. Johnson's supervised release. Mr. Johnson has completed over three of his five years of supervision and has complied with every single term. He has demonstrated that he is productive, family-oriented, and motivated. Even after the discharge of his supervision, Mr. Johnson would be capable and determined to lead a law-abiding life.

//

### IV. MR. JOHNSON HAS MET ALL FACTORS FOR A PRESUMPTION IN FAVOR OF RECOMMENDING EARLY TERMINATION

In addition to the above factors, Mr. Johnson's conduct has also met the presumption in favor of recommending early termination per the Judicial Conference in the *Guide to Judiciary Policy* (rev'd 2018).

Mr. Johnson is not a career drug offender or career criminal per Title 28 of the United States Code Section 994(h). His 2011 offense was his first and only offense, which was not a crime of violence nor a sex offense nor terrorism. *Guide to Judiciary Policy*, Vol. 8E, ch. 3 § 360(c)(1).

As a law-abiding citizen, Mr. Johnson has remained free of any court-reported violations for not only the past 12 months but also the past 38 months. *See id.* at § 360.20(c)(3). He has been in total compliance with his terms of supervision and has cooperated with his Probation Officer to ensure he abides by his sentence. *See id.* at § 360.20(c)(5). Throughout his supervision, Mr. Johnson has presented no identified risk of harm to the public. *Id.* at § 360.20(c)(2). In fact, he requests early termination so that he may freely travel and contribute to his community. Before settling down with his family in Vallejo, California, Mr. Johnson grew up in the Bay Area. His family members still reside in the Bay Area today, including his mother, who is currently ill, and his siblings, who take care of her. Mr. Johnson would like to visit his mother regularly and provide support to his siblings by helping his mother around her home and escorting her to her doctor's appointments as needed.

Mr. Johnson has also demonstrated his ability to lawfully self-manage into the future. *See id.* at § 360.20(c)(4). He has worked with his terms of supervision to achieve stability in his personal and professional life. Mr. Johnson is a dedicated father, husband, brother, and son to his family members. He supports his two children, one of whom lives with him and his wife, and the other who attends college out of state at St. John's University. Mr. Johnson has made every effort to be involved in his children's lives. With the permission of Probation, Mr.

Johnson accompanied his daughter to her college in New York—first to help her move into her college dorm and then for subsequent trips to attend her art exhibits and support her academic activities. All of this he did while working with his Probation Officer to ensure that he would be in strict compliance with the terms of supervision.



Terminating Mr. Johnson's supervised release would enable him to travel freely beyond the judicial district and therefore better support and care for his family members. Mr. Johnson hopes to go to his daughter's college graduation and fully participate in the celebration of her academic achievements.

Finally, Mr. Johnson has maintained stability in his professional life, thereby engaging in "appropriate prosocial activities." *See id.* at § 360.20(c)(6). He has worked as a telecommunications technician for C4 Technical Services since 2019. He intends to continue his career as a telecommunications technician well into the future. Early termination would support his career development. Mr. Johnson's work requires him to travel across California and the Pacific Northwest. However, because the work schedules come out the Thursday before the week, Mr. Johnson does not have enough time to obtain permission from Probation to travel outside of the judicial district. Although his employer has accommodated him by assigning him to locations close to home, Mr. Johnson would be able to take on more jobs were he able to travel freely outside the judicial district.

Mr. Johnson has demonstrated that he is living a law-abiding life. He has complied with all requirements of his supervised release according to the Probation Officer. He is a loving family member and a valued employee. Mr. Johnson has fully reintegrated into the community

and will only enrich it further with his future contributions.  Mr. Johnson has met the presumption in favor of recommending early termination.

### V. CONCLUSION

Mr. Johnson has shown his ability to maintain a stable personal and professional life beyond his supervised release.  He has gone beyond mere compliance: he has excelled.  Meanwhile, he has worked alongside Probation to ensure that he meets every single term of his supervision.  His cooperation and progress have put him on the Probation Office's low-intensity caseload.  He now seeks early termination of his supervision so that he may build upon the progress that he has made during the past three years and continue to thrive.  Per the Ninth Circuit, neither "exceptional or extraordinary circumstances" nor "exceptionally good behavior" are required for early termination. *Ponce*, 33 F.4th 1045 at *2-3.  The Ninth Circuit also does not require a showing of undue hardship. *Emmett*, 749 F.3d at 819.  However, Mr. Johnson's performance on supervision has been truly impressive and shows that he no longer needs supervision.  Mr. Johnson's stability, his character, and his integrity merit early termination of his supervised release.

Given Mr. Johnson's commendable reentry into the community, outstanding performance on supervised release, and the support of the Probation Office for this motion, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. §3583(e).

Dated: August 16, 2022

HEATHER E. WILLIAMS
Federal Defender

*/s/ RACHELLE BARBOUR*
RACHELLE BARBOUR
Attorney for Defendant
ERRUNTA JOHNSON

*/s/ ROBIN CHANG*
ROBIN CHANG
Certified Law Student
